UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

HONG WANG,

    **Plaintiff,**

v.

    Case No. 2:17-cv-71
    **CHIEF JUDGE EDMUND A. SARGUS, JR.**
    Magistrate Judge Kimberly A. Jolson

JEFF WEINER, et al.,

    **Defendants.**

## OPINION & ORDER

This matter is before the Court for consideration on Defendants' Motion to Dismiss the Amended Complaint. (ECF No. 11.) For the reasons that follow, the Court **GRANTS** Defendants' Motion. Plaintiff's Amended Complaint is **DISMISSED** and the Court is directed to enter judgment in favor of Defendants.

### I.

Plaintiff, Hong Wang, who is proceeding *pro se*, initiated this action against Defendants LinkedIn and its CEO, Jeff Weiner (collectively "Defendants"), asserting that Defendants violated the Fourth Amendment, the Privacy Act of 1974, the Electronic Communications Privacy Act, and invasion of privacy by deleting the comments Plaintiff posted to the social networking platform LinkedIn. (Amended Complaint ("Am. Compl.") at 3, ECF No. 10.) Plaintiff initially asserted that Defendants violated Plaintiff's freedom of speech rights in the first Complaint, but does not reassert the claim in the Amended Complaint. Plaintiff is a citizen of Ohio and Defendant LinkedIn is a California-based corporation and Defendant Weiner is a citizen of California.

On January 7, 2017, Plaintiff allegedly posted a comment on LinkedIn, which was later

removed by LinkedIn. Notwithstanding its authenticity or admissibility, Plaintiff attaches a text file to the Amended Complaint purporting to show the deleted comment, which is a general praise of Ohio Governor Kasich. (*Id.* at 7.) At some point in the past, Plaintiff also allegedly commented on LinkedIn about Falun Gong, a mind body practice that is apparently persecuted in China. Plaintiff claims that a friend in China reported that Plaintiff's post was not viewable in China, even though Plaintiff could see it in the United States.

## II.

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of actions that fail to state a claim upon which relief can be granted. Generally, an action will be dismissed under this standard where "there is no law to support the claims made." *Stew Farm, Ltd. v. Natural Res. Conservation Serv.*, No. 2:12-cv-299, 2013 WL 4517825, at *3 (S.D. Ohio Aug. 26, 2013) (citing *Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 697, 702 (6th Cir. 1978)). The same holds where "the facts alleged are insufficient to state a claim." *Id.* Federal Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To meet this standard, a complaint must contain sufficient factual allegations to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). When considering a Rule 12(b)(6) motion, a court must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded material allegations in the complaint as true. *See Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir. 1998).

2

A court typically cannot consider "matters outside of the pleadings" when deciding a motion to dismiss. *Weiner v. Klais & Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997). There are several exceptions to this general rule though. Exhibits to the pleadings are "part of the pleadings for all purposes." Fed. R. Civ. P. 10(c). Documents not attached to a plaintiff's complaint but introduced by the defendant on a motion to dismiss will also be considered as part of the pleadings if "'they are referred to in the plaintiff's complaint and are central to her claim.'" *Weiner*, 108 F.3d at 89 (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). Additionally, a court may consider "materials that are public records or otherwise appropriate for taking judicial notice." *Whittiker v. Deutsche Bank Nat'l Trust Co.*, 605 F. Supp. 2d 914, 925 (N.D. Ohio 2009).

As an additional note, a *pro se* litigant's pleadings are to be construed liberally and have been held to less stringent standards than formal pleadings drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). Even so, *pro se* plaintiffs must still comply with the procedural rules that govern civil cases. *McNeil v. United States,* 508 U.S. 106, 113 (1993); *see also Wells v. Brown,* 891 F.2d 591, 594 (6th Cir. 1989) ("Neither [the Supreme Court in *Haines v. Kerner*] nor other courts, however, have been willing to abrogate basic pleading essentials in *pro se* suits.").

### III.

Defendants argue that Plaintiff has failed to state a claim upon which relief can be granted for four reasons. First, they argue that Plaintiff's Fourth Amendment claim fails because Defendants are not state actors. (Defendants' Motion to Dismiss ("Mot. to Dismiss") at 6, ECF No. 11 (citing *United State v. Jacobson*, 466 U.S. 109, 113 (1984) ("This Court has also consistently construed [the Fourth Amendment] as proscribing only governmental action.")).) Second, Defendants argue that Plaintiff cannot state a claim under the Privacy Act, which can

3

only be asserted against federal agencies. (Mot. to Dismiss at 7 (citing *Sharwell v. Best Buy*, 230 F.3d 1359 (6th Cir. 2000) ("The Privacy Act applies to federal agencies, not private entities.")).) Third, the Electronic Communications Privacy Act ("ECPA") requires any access to electronic communications be "unauthorized," but Plaintiff specifically gave LinkedIn authorization. Further, Plaintiff cannot show that Defendants "intercepted" a communication, there was no wrongful "disclosure," and Plaintiff did not allege any conduct that would subject Defendant Weiner to liability. (Mot. to Dismiss at 8 (citing *Clements-Jeffrey v. City of Springfield, Ohio*, 810 F. Supp. 2d 857, 871 (S.D. Ohio 2011)).) Finally, Defendants argue that Plaintiff's invasion of privacy claim fails because Plaintiff's account was set to publish all comments publicly, not privately. (Mot. to Dismiss at 10 (citing *Proffitt v. Int'l Paper Co.*, 953 F. Supp. 207, 211 (S.D. Ohio 1996), *aff'd* 165 F.3d 28 (6th Cir. 1998)).)

Plaintiff concedes that the allegations in the Amended Complaint do not state a claim under the Fourth Amendment, Privacy Act, or invasion of privacy under Ohio law. (Plaintiff's Opposition to Mot. to Dismiss ("Pl. Resp.") at 4, ECF No. 12.) Plaintiff argues that "[h]owever, Plaintiff can state a claim based on The Electronic Communications Privacy Act (ECPA)." (*Id.*) The Court agrees that Plaintiff cannot state a claim under the Fourth Amendment or Privacy Act because Defendants are a California corporation and individual and Plaintiff has alleged no state action. Plaintiff has also not stated a claim for invasion of privacy under Ohio law because Defendants have not intruded into any *private* activity of Plaintiff's.

Accordingly, the remaining claim at issue is Plaintiff's claim under the ECPA. Title I of ECPA "protects against the unauthorized interception of wire, oral, or electronic communications." *Clements-Jeffrey v. City of Springfield, Ohio*, 810 F. Supp. 2d 857, 870 (S.D. Ohio 2011). Thus, as Defendants argue, ECPA only prohibits "unauthorized" access. Here, Plaintiff gave

4

Defendants authorization by agreeing to the LinkedIn User Agreement (available at https://www.linkedin.com/legal/user-agreement). The LinkedIn User Agreement specifically provides that "we [LinkedIn] are not obligated to publish any information or content on our Service and can remove it in our sole discretion, with or without notice." (User Agreement § 2.5, Ex. A to Mot. to Dismiss, ECF No. 11-1.)

Plaintiff does not dispute that the LinkedIn User Agreement authorizes Defendants to remove user content at the company's discretion. Rather, Plaintiff asserts that the alleged post was published on LinkedIn for approximately twelve minutes until it was removed, and reasserts that it should have remained visible to the public and Plaintiff's social network contacts. (Pl. Resp. at 4.) Plaintiff does not explain how this allegation constitutes a violation of the ECPA nor does Plaintiff point to any provision in the User Agreement that says comments must be kept public if they have been published at any point. Thus, the Court finds that Plaintiff has also failed to state a claim upon which relief may be granted on the remaining claim under the ECPA.

## IV.

For the reasons stated, Defendants' Motion to Dismiss the Amended Complaint (ECF No. 11) is **GRANTED** and Plaintiff's case is **DISMISSED**.

**IT IS SO ORDERED.**

9-21-2017
**DATE**

**EDMUND A. SARGUS, JR.
UNITED STATES DISTRICT CHIEF JUDGE**